**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DONALD E. GRYDER,
          Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
          Agency.

DOCKET NUMBER
AT-0752-16-0466-I-1

DATE: June 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donald E. Gryder, Johnson City, Tennessee, pro se.

Linda Martin and Elizabeth A. Sorrells, Esquire, Washington, D.C., for the
   agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the appellant's affirmative defense of retaliation for engaging in activity protected by the Rehabilitation Act, we AFFIRM the initial decision.

¶2 On petition for review, the appellant challenges the administrative judge's findings regarding the agency's charges of misconduct, his claim of a violation of his due process rights, the affirmative defenses of discrimination (age and disability) and retaliation for prior equal employment opportunity (EEO) activity, and the reasonableness of the imposed penalty. Petition for Review (PFR) File, Tab 6 at 6-31.[2] Further, he argues that the administrative judge erroneously denied his motion to compel discovery and denied him a hearing. *Id.* at 19, 25. With his petition for review, the appellant has submitted evidence predating the close of the record before the administrative judge. *Id.* at 4-5, 32-59.[3] The

---

[2] For the first time on review, the appellant asserts that the agency committed the prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9), and (b)(12). PFR File, Tab 6 at 9-17. We decline to address further the appellant's new claims because he has not explained why he was unable to raise them before the administrative judge. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

[3] The appellant has failed to explain why he was unable to submit the "new" evidence—consisting of an email dated April 30, 2014, and medical documentation—before the record closed despite his due diligence. PFR File, Tab 6 at 38-59; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

agency has filed a response to the appellant's petition for review, PFR File, Tab 8,[4] and he has filed a reply to the agency's response, PFR File, Tab 9.[5] In his reply, the appellant argues that the administrative judge was biased and engaged in improper ex parte communications with the agency.[6] *Id.* at 2, 5-6, 8, 11.

¶3     After considering the appellant's arguments on the merits of the appeal, we find that they were adequately addressed in the initial decision by the administrative judge, and we discern no reason to disturb her findings. Initial

---

Nevertheless, we find that such evidence is immaterial to the outcome of this appeal. The appellant's evidence of an email exchange concerning the inspection reports for April 7 and 8, 2014, and an email dated April 22, 2014, was part of the record before the administrative judge and, thus, does not constitute new evidence. PFR File, Tab 6 at 4-5, 32-37; Initial Appeal File, Tab 14 at 36-39, Tab 73 at 51-52; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

[4] We disagree with the appellant's assertion that the agency's response to his petition for review was untimely filed. PFR File, Tab 9 at 1-2; *see* 5 C.F.R. §§ 1201.4(*l*), 1201.14(m)(1), 1201.23. In addition, we deny the appellant's request to reject the agency's response as procedurally inadequate. PFR File, Tab 9 at 1-2.

[5] We deny the agency's motion for leave to file a response to the appellant's reply. PFR File, Tab 14; *see* 5 C.F.R. § 1201.114(a)(5).

[6] After filing the petition for review and reply, the appellant filed a motion for leave to file an additional pleading. PFR File, Tab 19. Specifically, the appellant is requesting to submit a recent decision by the Office of Federal Operations (OFO) allegedly finding that the agency retaliated against him for his prior EEO activity. *Id.* at 1-2. For purposes of this case, the record on review closed on the expiration of the period for filing the reply to the response to the petition for review. *See* 5 C.F.R. § 1201.114(k). Once the record on review closes, no additional evidence or argument will be accepted unless it is new and material and the party submitting it shows that the evidence or argument was not readily available before the record closed. *Id.* To constitute new evidence, the information contained in the document, not just the document itself, must have been unavailable despite due diligence when the record closed. *Durr v. Department of Veterans Affairs*, 119 M.S.P.R. 195, ¶ 23 (2013). Here, the appellant has not shown that the evidence relied upon by the OFO in its decision was unavailable despite his due diligence before the record on review closed. Therefore, we deny the appellant's motion for leave to file an additional pleading. *See id.* (denying the appellant's request for leave to submit a court decision after the record closed on review); 5 C.F.R. § 1201.114(a)(5), (k).

Appeal File (IAF), Tab 78, Initial Decision (ID) at 3-32.[7] Moreover, we find that the administrative judge did not abuse her discretion in granting the agency's motion for sanctions by canceling the scheduled hearing based on the appellant's contumacious and prejudicial conduct as to the agency's attempts to take his deposition. IAF, Tab 65 at 1-3; *see, e.g.*, *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 8-12 (2007); 5 C.F.R. § 1201.43(e). The record supports the administrative judge's explanation that the appellant failed to appear for a scheduled deposition despite being warned three times that his failure to appear may result in sanctions. IAF, Tab 40 at 1, Tab 54 at 3, Tab 58 at 1, Tab 65 at 3. We further find that the administrative judge did not abuse her discretion in denying the appellant's motion to compel discovery because he failed to serve his requests for discovery on the correct agency. IAF, Tab 26 at 1; *see, e.g.*, *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 17 (2016); 5 C.F.R. § 1201.74(a). In addition, we find that the appellant's arguments of adjudicatory bias and improper ex parte communications between the administrative judge and the agency provide no basis for disturbing the initial decision. In particular, the Board will not infer bias based on an administrative judge's case-related rulings, *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013), and we find that the appellant's broad allegation of bias is insufficient to rebut the presumption of the administrative judge's honesty and integrity, *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Further, the appellant has failed to describe or provide evidence of improper ex parte communications or to specify how his substantive rights were harmed by not participating in a telephonic close-of-record conference. IAF, Tab 40 at 2 n.1; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

---

[7] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

¶4        For the following reasons, we modify the initial decision as follows to consider the appellant's affirmative defense of retaliation for engaging in activity protected by the Rehabilitation Act. As mentioned above, the appellant raised the affirmative defense of retaliation for prior EEO activity. The record reflects that the appellant filed 18 prior EEO complaints, 3 of which concerned allegations of disability discrimination. IAF, Tab 8 at 97 n.3, 113, Tab 17 at 20-23. The administrative judge found that the appellant failed to prove that his prior EEO activity was a factor in the agency's decision to remove him. ID at 30-32. However, because three of the appellant's prior EEO complaints in 2003, 2014, and 2015 concerned disability discrimination, we find that the appellant's EEO retaliation claim includes a separate affirmative defense of retaliation for engaging in activity protected by the Rehabilitation Act. IAF, Tab 17 at 20, 23. Asserting disability discrimination is an activity protected by the Rehabilitation Act.[8] *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 44. The anti-retaliation provision of the Americans with Disabilities Act of 1990, which is incorporated by reference in the Rehabilitation Act, prohibits discriminating against any individual "because such individual" has engaged in protected activity. 42 U.S.C. § 12203(a); *Pridgen*, 2022 MSPB 31, ¶ 44. An affirmative defense of retaliation for engaging in activity protected by the Rehabilitation Act is analyzed under the "but-for" causation standard, i.e., if the agency would not have taken the same action in the absence of the protected activity. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. Here, because the administrative judge found that the appellant failed to prove that any of his prior 18 EEO complaints were a factor in his removal, we find that he cannot meet the higher "but-for" causation standard to prove retaliation for engaging in activity protected by the Rehabilitation Act.

---

[8]  The standards under the Americans with Disabilities Act of 1990 have been incorporated by reference into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation. 29 U.S.C. § 791(f); *Pridgen*, 2022 MSPB 31, ¶ 35; *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 n.3 (2014).

¶5 Accordingly, we affirm the initial decision except as modified herein.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.